THOMAS L. SARGENT *versus* CHARLES H. WORDING *& als.*

A letter from an agent is not admissible to prove a contract made by him with a third person, in behalf of his principal.

The owners of a vessel are liable for the contracts of the master *de facto*, with seamen, until proof of a special contract exempting them.

ASSUMPSIT to recover the wages of plaintiff as a seaman on board a schooner owned by the defendants. The plaintiff shipped as mate, in Boston, with Oscar Rust, acting master of the schooner, and served from Sept. 8th to Dec. 12th, 1856, at thirty dollars a month. The defendants, part owners of the schooner, severally testified that they never employed the plaintiff. They offered to prove by D. Haraden, the managing owner, that Alonzo Rust, the former master, sailed the schooner on shares, stipulating to victual and man her, &c.; that, prior to the time when the plaintiff went on board, witness received a letter from Alonzo, which was produced and offered in evidence, proposing that Oscar Rust should sail the schooner on the same terms, unless Haraden otherwise directed by telegraph; and Haraden made no reply. The Court excluded this testimony. The other part

owners testified that they never contracted with Oscar Rust to sail the schooner. Verdict for the plaintiff, $81,93.

To various instructions given by the presiding Judge, the defendants filed exceptions, and also to his refusal to give other instructions requested. But these instructions and refusal become unimportant, in the decision of the case. The defendants moved for a new trial, on account of the exclusion of the evidence offered.

*J. G. Dickerson,* for the defendants, argued that Oscar Rust, if rightfully master of the schooner, was such only on the same terms that Alonzo had been. The owners had never contracted with Oscar. Alonzo could not bind the owners by employing seamen, nor could he confer such authority on another. The owners, having made the contract with Alonzo, are competent to show what it was. The letter of Alonzo was admissible to show the contract with Oscar, if any was made. A principal is competent to testify to information derived from his agent on the subject of his agency. In *Thompson* v. *Hamilton,* 12 Pick., 426, the former master was admitted to testify to his contracting with his brother to take the vessel on shares, by consent of the owners. Had the excluded testimony been admitted, it would have shown that Alonzo had no authority to contract with Oscar, or, if he had, it was only on terms that would exonerate the owners from liability in this case.

*F. S. Nickerson,* for the plaintiff, contended that the excluded testimony was unimportant. The letter of Alonzo was inadmissible. The proper evidence of the contract with Oscar was that of Alonzo in person; and it was the defendants' neglect that he was not called. Such evidence would have been in accordance with the case cited, 12 Pick., 426. The liability of the owners is *general,* and continues until relieved by some special contract. The evidence fails to show any such contract.

The opinion of the Court was drawn up by

DAVIS, J.—The exceptions to the instructions given, and to the refusals to give the instructions requested, are not urged in argument.

The action is for wages as a seaman. It was not questioned that the services were rendered by the plaintiff. But the defendants contended that the master, by whom the plaintiff was employed, was sailing the vessel on shares, and that he alone was liable. They undertook to prove this fact.

They did not claim that the master who employed the plaintiff had made any contract with them, personally, as owners, to sail the vessel on shares. They testified that he never had made any contract with them. But they contended that he did make such a contract with the previous master, acting in their behalf. And, to prove this, they called one of their number, Daniel Haraden, who offered to testify to the following statement of facts, viz.: — "That immediately prior to the time when plaintiff went on board said vessel, Alonzo Rust was master, sailing her on shares; that said Haraden then received a letter from said Alonzo Rust, which was produced and offered in evidence, stating that he wanted Oscar Rust to go master of said vessel upon the same terms, and that he should do so if said Haraden did not otherwise direct him by telegraph; and that said Haraden did not send any message to him."

The fact that Alonzo Rust sailed the vessel on shares, before Oscar Rust was employed, was *res inter alios.* It had no tendency to prove upon what terms Oscar Rust was sailing the vessel.

The counsel for the defendants now suggests that the fact that he was master prior to the service of the plaintiff, and that the owners, personally, never employed Oscar Rust, tended to prove that the latter usurped the command of the vessel. Such an inference could not properly have been drawn by the jury. But the evidence excluded was, that Alonzo Rust *sailed the vessel on shares,* and not merely that

he was master. And, although it is *now* claimed that this ought to have been admitted, as tending to prove that Oscar Rust *usurped* the command of the vessel, it was offered, with the rest of the statement, at the trial, to prove that Oscar Rust *was employed* by Alonzo Rust, in behalf of the owners.

If the letter of Alonzo Rust to Haraden had been written *after* he had given up the vessel to Oscar Rust, stating the terms of a contract already made, it would not have been competent evidence of the contract. It would have been but the declaration of the agent of the defendants, made out of Court, not under the sanctions of an oath. But the letter was written *before* any contract was made, and was merely a statement of what Alonzo Rust *intended* to do. It had no tendency to prove that such intention was carried into effect.

The defendants mistook the mode of proving the contract made with Oscar Rust. They might have done it by the testimony of Alonzo Rust, or of Oscar, or of any one else having personal knowledge of it. But the proof which they offered was clearly inadmissible.

*Exceptions and motion overruled.*

TENNEY, C. J., and APPLETON, CUTTING, and KENT, J. J., concurred.